HORN *v.* SMITH.

4-6347                                    150 S. W. 2d 618

Opinion delivered May 5, 1941.

*Merle Shouse, John Shouse* and *J. L. Shouse,* for appellant.

*W. F. Reeves* and *Opie Rogers,* for appellee.

GRIFFIN SMITH, C. J.  Henry Horn, who died intestate in 1928, had deeded small tracts of land to each of three sons.[1]  Of the parent's farm there remained 293.89 acres to be inherited by five children unless, as it is contended, Henry Horn, by oral conveyance coupled with possession, set aside 57 acres to A. C. Horn, 57 acres to D. G. Horn, 58 acres to W. A. Horn, and 46 acres to Gertrude [Horn] Smith.  The chancellor found that the conduct of Henry Horn did not constitute conveyances; that the land was not susceptible of division in kind;

[1] Twelve acres to W. A. Horn, eighteen acres to D. G. Horn, and nine acres to A. C. Horn.

and appointed commissioners to partition. A. C. and W. A. Horn and their wives have appealed from the court's decree rendered in a suit instituted by Gertrude Smith.[2]

A fourth brother, H. M. Horn, resided in Missouri and independently owned a farm. A. C., D. G., and W. A., contend that in 1922 their father informed them of his desire to assign certain lands to them, the agreement being that they would pay rent during the lives of their parents. It was considered that H. M.'s interest was worth $1,600—this on the assumption that the tracts assigned to the three brothers were each worth what the father proposed to give H. M. Henry Horn suffered financial reverses, and, according to the testimony of A. C., D. G., and W. A., directed that they pay the amount it had been determined was equitably due H. M. A. C. and W. A. testified that they settled with H. M. in 1935, each paying him $250. To procure the money they "borrowed on the lands," first having procured from their mother quitclaim deeds. This is also testified to by H. M., who executed deeds. All of those who say they were put in possession of designated lands claim to have fenced it and to have made other improvements.

Ruth Horn, widow of Henry Horn, died in 1939. Appellee and her children had lived with appellee's mother for several years, and insists that she helped maintain the home. She testified that her father gave each of the children (H. M. excepted) "a building place for a home." Appellee was assigned about twelve acres upon which she built. The house was destroyed by fire. No deed was executed. Appellee did not know her father had segregated the larger tracts for her own account and for the benefit of her three brothers.

In 1930 a state highway was projected through property claimed by appellants and lands of the Henry Horn estate. Suit was brought by J. A. Sutterfield and others. The jury awarded $350 "for H. Horn."[3] Proceeds were divided among the heirs.

[2] Gertrude Smith is the widowed daughter of Henry Horn.

[3] Although Henry Horn died in 1929, it is conceded that the judgment in favor of "H. Horn" was to compensate damages to his property.

In 1930 a complaint signed by Pate & Cotton, attorneys for plaintiff, and styled "A. C. Horn, plaintiff, v. H. M. Horn, D. G. Horn, W. A. Horn, Gertrude Smith, and Mrs. R. A. Horn" was filed in Searcy circuit court. It was alleged that in respect of the Henry Horn lands plaintiff and the defendants were tenants in common. The prayer was for partition. The name "A. C. Horn" is signed to affidavit for warning order. The so-called plaintiff, testifying in the instant case, insisted that he had no information that the suit was to be filed, and that he ordered it withdrawn.

The chancellor did not err in holding that Henry Horn failed to effectively convey the four tracts of land, embracing 218 acres. The property was assessed for taxes in Henry Horn's name, and it is conceded that rents were paid during Henry's lifetime, and partially during his widow's lifetime. Appellee, who according to testimony of her brothers was supposed to have received 46 acres, knew nothing about it, although she was permitted to build a home on twelve acres. D. C. Horn testified he had never settled with H. M.; that he knew when H. M. settled with the two other brothers, and:— "I told him I would settle if all the other children would sign the deeds."

Counsel for appellants complain that the decree "either ignores or sets aside the deeds of H. M. Horn to these appellants and the deeds that they made to each other."

The result is productive of confusion regarding the three brothers; but if the court is correct in the finding that the ancestor had not made the conveyances, it follows that rights created by deeds of tenants in common who dealt with each other as though they were owners of assigned interests are not controversies to be adjusted in appellee's suit to partition. Her concern goes only to the proposition that there be a segregation of the one-fifth interest to which she is entitled. If the brothers who have dealt with each other in arbitrary disregard of the true status, or through misapprehension, find that they have paid for something they cannot receive or

deliver because of the paramount rights of their sister, the equities they contend for cannot prevent partition, but must be adjusted amicably or through proper actions brought for that purpose.

Other subjects are covered by the decree, but they do not enter into the appeal, and are therefore not enumerated.

Affirmed.